**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO OBREGON MEZA, AKA Juan Obregon,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70547

Agency No. A205-320-027

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Roberto Obregon Meza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

his removal proceedings and reconsider its prior order.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen or reconsider. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Obregon Meza's contentions regarding hardship to his United States citizen children, where the evidence is cumulative of his previously denied application for cancellation of removal. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (court lacks jurisdiction over a motion to reopen where new evidence is cumulative of a previously considered discretionary determination).

The BIA did not abuse its discretion in denying Obregon Meza's motion to reconsider where his motion failed to identify any error of fact or law in the prior order. *See* 8 C.F.R. § 1003.2(b)(1).

Obregon Meza fails to challenge, and therefore waives, the BIA's denial of his motion to reopen to seek asylum and for administrative closure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Obregon Meza's contention that the agency lacked jurisdiction because the initial notice to appear lacked the date and time of his hearing is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

18-70547